[Crim. No. 13569. First Dist., Div. Four. Feb. 18, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK STASI, Defendant and Appellant.

374

COUNSEL

Rothbaum & Landes and Charles Rothbaum for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and W. Eric Collins, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**EMERSON, J.***—Appellant pleaded guilty to possession of marijuana after his motion to suppress the evidence was denied. In this appeal from the ensuing judgment he attacks the constitutionality and validity of the airport security search which disclosed his possession of the contraband.

Prior to boarding a Pan American flight, defendant was subjected to the same predeparture screening required of all passengers to prevent airline hijacking and sabotage. The security check consists of a magnetom-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

eter screening of each passenger and the opening and search of each piece of hand luggage.

According to security guard Artina Miles, appellant Stasi ". . . came down the pier and he started to go through the mag [magnetometer], so I told him that he had to get his sleeping bag checked. . . ." As Ms. Miles felt down the sleeping bag, she felt ". . . a lump somewhere in the middle of it." She testified that ". . . it was sort of hard. That is why . . . I wanted to know more what was in there." With reference to the hardness of the object, the guard testified further that the suspicious lump was not hard like a brick; that it had some give to it; that she really had no idea what it was and that in her experience as an airport security guard she had never come across a weapon that felt and appeared like the bulge in question. Security guard Miles then asked defendant what the lump was. When defendant replied "nothing" Ms. Miles, her suspicions aroused, proceeded to unroll the sleeping bag. Upon discovery of 57.2 grams of marijuana, Stasi was placed under arrest.

In *People* v. *Hyde* (1974) 12 Cal.3d 158 [115 Cal.Rptr. 358, 524 P.2d 830], the court held that the preboarding airport search made for the purpose of discovering weapons and explosives and deterring hijackers was not in violation of the Fourth Amendment to the United States Constitution. The court further held that the incidental discovery of contraband during the course of the search did not violate the Fourth Amendment.

In the *Hyde* case, that defendant allegedly satisfied the Federal Aviation Administration's behavioral profile of a potential hijacker, and, in addition, had passed through a magnetometer which indicated the presence of metal. Neither of these factors is present in the instant case. But *Hyde* does not require that both or either of the factors exist. The *Hyde* court said at page 168: "Thus the validity of a particular search does not depend upon the individual creating a minimal level of initial suspicion by satisfying the profile, activating a magnetometer, or meeting any other indicia of questionable circumstances." The same court, however, also held at page 168 that: " '[t]he scope of the search must be "strictly tied to and justified by" the circumstances which rendered its initiation permissible' " (*Terry* v. *Ohio* (1968) 392 U.S. 1, 19 [20 L.Ed.2d 889, 904, 88 S.Ct. 1868]), and that "[p]re-boarding inspections must be confined to minimally intrusive techniques designed solely to disclose the presence of weapons or explosives."

Defendant contends that the search involved herein goes beyond the minimally intrusive predeparture screening techniques approved by *Hyde*. The security procedures in force at San Francisco International Airport consisted of a magnetometer check of each passenger individually and a personal search of each piece of hand luggage. All passengers boarding at that airport were subjected to the same process.

As the *Hyde* court said at page 169: ". . . airport screening procedures must be as limited in intrusiveness as is consistent with their justification . . . ." The justification of the searches is to thwart hijackers and saboteurs by disclosing the presence of weapons or explosives.

We find nothing in the facts of this case to indicate that the search of defendant's luggage was unreasonable, or that it exceeded the intrusiveness permitted by *People* v. *Hyde*.

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1975.